UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAM SOLOMON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 06-604-RET-DLD** |
| **STEVE SPALITTA, ET AL.** | |

## ORDER

This matter is before the court on a referral from the district court on defendants' motion to compel (rec.doc. 82), filed herein on May 4, 2009.  Defendants stated in their motion that they propounded discovery to plaintiffs on February 25, 2009, and received answers to their interrogatories on April 30, 2009, and responses to their requests for production between May 1, 2009, and May 4, 2009.  Defendants contend that plaintiffs' answers to interrogatories 6, 13, and 15, are insufficient.  Similarly, defendants allege that they have not received "complete and thorough responses" to their requests for production nos. 1-31. The motion is devoid of any details regarding the insufficiency of the discovery responses.

Compounding the problem, any opposition to this motion was required to be filed within twenty (20) days after service.  Plaintiffs' response to the motion was due May 25, 2009, but as of May 28, 2009, the court has not received such response.  However, while the court usually would grant a motion to compel where there has been no response to discovery and no response to the motion to compel, this case is different in that plaintiffs have responded, albeit in an untimely fashion.

In their motion, it is obvious that defendants seek more complete and thorough responses to the discovery requests.  However, defendants have not specified how the

answers to interrogatories are insufficient, or how the responses to the requests for production are incomplete. It is also unclear from the motion whether or not defendants received the documents in connection with the requests for production. Further, Rule 37(a)(1) of the Federal Rules of Civil Procedure, in pertinent part, reads as follows:

> *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

In this matter, defendants have stated that they "attempted to confer with opposing counsel to amicably resolve the issues raised," but according to the motion, all attempts were made <u>before</u> the receipt of any discovery. There is nothing in the motion to suggest that when defendants were unsatisfied with the answers and responses, they tried to amicably resolve the issues of incompleteness or insufficiency before filing the motion to compel. Due to the failure of the defendants to first confer before filing the motion to compel, and their failure to identify the alleged insufficiencies, the court cannot grant the motion to compel.

Accordingly,

**IT IS ORDERED** that the motion to compel (rec. doc. 82) is **DENIED**.

Signed in Baton Rouge, Louisiana, on May 29, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**