UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SAM SOLOMON, ET AL.

VERSUS

STEVE SPALITTA, ET AL.

CIVIL ACTION

NO. 06-604-JJB

## RULING ON MOTIONS

This matter is before the court on multiple motions for summary judgment filed by the defendants (docs. 103, 104 and 107) and a motion to dismiss the claims against defendant Shaw Kelly for untimely service of process (doc. 116).[1] The court held oral argument on October 24, 2011, and the matter was submitted on the filing of a supplemental brief by plaintiffs (doc. 133).

The plaintiffs are an Arab father, Abdullah Solieman, and his two sons, Talal Solieman and Sam Salomon. Plaintiffs bring §1983 claims of false arrest, excessive force, illegal search and seizure against Steve Spalitta, the Director of Louisiana State Alcohol and Tobacco Control, and ATC agent Shawn Kelly.[2] Also made defendants are Franklin Supply, a company that sells cigarettes and its owner Keith Landine.

The claims arise from son Talal purchasing 3,680 cartons of cigarettes from Franklin Supply. Essentially, plaintiffs contend that the cigarettes were purchased on credit and Landine improperly had them arrested (and claimed they were terrorists) when they did not

---

[1] There is also a motion by defendants to strike (doc. 127) an allegation in the amended complaint. The court need not reach that motion; it goes to the weight of the evidence in any event.

[2] The claim against David Gautreau has been dropped. See, Doc. 97.

1

immediately pay for the cigarettes. Landine's version is that plaintiffs refused to pay COD as agreed and then hid the cigarettes away in a storage facility rented by a brother in law. This in turn led to the searches and arrests at issue. In addition to the constitutional claims, there are state law claims of malicious prosecution, fraud, negligent misrepresentation, defamation and conversion by proxy.

As noted at oral argument, the controlling issue as to the §1983 claims is prescription. All of the §1983 claims (except the false arrest claims by Sam and Talal as explained below) are subject to prescription. All of the arrests and searches and alleged excessive force occurred in the spring of 2004. This suit was filed over a year later on November 22, 2005, in Illinois-- Talal was arrested in Illinois and filed suit there. It was transferred here because no substantial event occurred in Illinois (only Talal's arrest and 16 day detention before extradition).

Plaintiff's main argument against prescription is that Illinois' two year prescriptive period should apply because the transferee court is bound to apply the law of the transferor court. As stated at oral argument, the short answer to that contention is – that even if this court were to use the law of the transferor court-- the Illinois court would be bound to use Louisiana prescriptive period for the §1983 claims. In transferring the action here, Judge Kendall makes it clear that this action has no real connection to that forum.[3] The court finds this argument lacks merit.

In the brief that plaintiffs filed after oral argument, plaintiffs argue that defendants did not sufficiently plead prescription. The record clearly shows that Spalitta timely pled

---

[3] See Ruling on Transfer, Doc. 37.

prescription in his answer. Doc. 72. Kelly was not named as a defendant until November of 2009 (doc. 106). The motion to dismiss the claim against Kelly for improper service was filed on March 16, 2010. Plaintiffs' argument regarding the pleading of prescription is an overly technical one that lacks merit in view of plaintiffs' failure to comply with the rules on service. Plaintiffs have had more than adequate notice of the defense and an ample opportunity to argue against it. The court holds that all of the §1983 claims (other than those arising from the arrests of Sam and Talah) are barred by prescription.

As to the arrests of Sam and Talal,[4] the question is when did those claims accrue for purposes of prescription. The Supreme Court has held that a §1983 false arrest claim accrues for prescriptive purposes on the date of the probable cause hearing in state court. **Wallace v. Kato**, 549 US 384 (2007). The undisputed summary judgment evidence indicates that there was no probable cause determination before November 23, 2004. On that date, Talal pled guilty on UNRELATED charges in exchange for these charges being dropped against him and Sam. Because the false arrest claims of Sam and Talal accrued on November 23, 2004, these claims were timely filed on November 22, 2005.

However, as the court observed during oral argument, the arrests were made upon warrants issued by magistrates. Under the well established case law, plaintiffs must show that defendants recklessly or intentionally omitted material facts in obtaining the warrants. See **Hale v. Fish**, 899 F.2d 390, 400 (5th Cir. 1990). Plaintiffs have failed to create a

---

[4] The charges against Abdullah were concluded on or before October 5, 2004, making his false arrest claim prescribed under any scenario. Any claim that the private actors conspired with the state actors relative to Abdullah's arrest fall as well. Plaintiffs' argument regarding pleading of prescription are overly technical in this respect as well.

3

genuine issue of material fact in this regard.[5]  Instead, plaintiffs contend that the arrests were made without warrants.  The certified copies from state court disprove this contention.  Doc. 107-21 Exh. N.

This leaves the state law claims made against Franklin Supply and Landine.  The court finds that defendants are entitled to summary judgment on these claims based upon prescription and/or plaintiffs' failure to show that there is any genuine issue of material fact as to any viable claim. The court adopts the arguments made by defendants in their motion for summary judgment.[6]

Accordingly, the motions for summary judgment (docs. 103, 104 and 107) are hereby GRANTED.

Baton Rouge, Louisiana, December 1, 2011.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[5] For much the same reasons, the malicious prosecution claim falls.  Sam Solomon claims that Landine made false statements to the St. Mary Parish Sheriff's Office for the purpose of having him wrongfully arrested.  Doc. 106 (Amended Compaint, Count Three).  When the decision to detain the plaintiff is made upon an independent investigation of the police, the "chain of causation" is broken.  **Jalou II, Inc. v. Liner**, 43 So.3d 1023 (La. App. 1 Cir. 2010).  The probable cause affidavits make it plain that there was a thorough investigation of the charges.

[6] Plaintiffs make much ado about a decision rendered in the Bankruptcy Court, despite the fact that Judge Dodd's decision for the most part is very unfavorable to plaintiffs.  Doc. 107-16.  In addressing the "scatter-shot complaint" of Discount Cigarettes (a business managed by Talal), Judge Dodd rejected the claims for breach of contract, defamation, abuse of rights, negligent misrepresentation and fraud.  Judge Dodd did find for Discount Cigarettes on it claim of wrongful seizure and conversion. Conversely, the individual plaintiffs in this case have no viable claim for conversion.